**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JEFFREY MARRERO ALMONTE, individually and on behalf of a class of all persons and entities similarly situated, | ) | |
| *Plaintiff*, | ) | |
| v. | ) | Case No. 4:25-cv-00294-MTS |
| BH SECURITY LLC d/b/a BRINKS HOME, | ) | |
| *Defendant*. | ) | |

**DEFENDANT'S ORIGINAL ANSWER TO**
**PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant BH Security LLC d/b/a Brinks Home (Brinks Home) files this answer to the class action complaint filed by Plaintiff Jeffrey Marrero Almonte, individually (Almonte), and on behalf of a class of all persons and entities similarly situated, on June 10, 2025 (Complaint) (ECF No. 2). Brinks Home denies each and every material allegation in the Complaint aside from those expressly admitted herein.

## INTRODUCTION

1. The allegations in paragraph 1 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Brinks Home states the TCPA (and any corresponding legislative history and judicial interpretation) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute in whole.

2. The allegations in paragraph 2 of the Complaint constitute legal conclusions

to which no response is required. To the extent a response is required, Brinks Home states the TCPA (and any corresponding legislative history and judicial interpretation) and the Code of Federal Regulations (CFR) speak for themselves and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute or regulation in whole.

3. Brinks Home denies the allegations in paragraph 3 of the Complaint.

4. Brinks Home denies the allegations in paragraph 4 of the Complaint.

5. The allegations in paragraph 5 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Brinks Home states that the TCPA (and any corresponding legislative history and judicial interpretation) and the Federal Rules of Civil Procedure speak for themselves and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute or rule in whole. Further, to the extent necessary, Brinks Home denies any remaining allegations set forth in paragraph 5 of the Complaint.

**PARTIES**

6. Upon information and belief, Brinks Home admits the allegations in paragraph 6 of the Complaint.

7. Brinks Home denies the allegations in paragraph 7 of the Complaint.

**JURISDICTION AND VENUE**

8. The allegations in paragraph 8 of the Complaint constitute legal conclusions

or a characterization of Almonte's complaints to which no response is required. To the extent a response is required, Brinks Home does not challenge subject matter jurisdiction in this case.

9. The allegations in paragraph 9 of the Complaint constitute legal conclusions or a characterization of Almonte's complaints to which no response is required. To the extent a response is required, Brinks Home does not challenge personal jurisdiction and venue in this case.

**BACKGROUND**

10. Brinks Home admits that on December 20, 1991, Congress enacted the Telephone Consumer Protection Act of 1991 (TCPA) in an effort to address a growing number of telephone marketing calls and certain telemarketing practices thought to be an invasion of consumer privacy and even a risk to public safety. Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227. To the extent any further response is required, Brinks Home states that 47 U.S.C. § 227 et seq. (and any corresponding legislative history and judicial interpretation) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute in whole.

11. Brinks Home admits that 47 U.S.C. § 227(c)(1) states in part: "the Commission shall initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitation to which they object." To the extent any further response is required, Brinks Home states

that 47 U.S.C. § 227 (and any corresponding legislative history and judicial interpretation) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute in whole.

12. Brinks Home admits that 47 U.S.C. § 227(c)(1)(A) states in part: "The proceeding shall - (A) compare and evaluate alternative methods and procedures (including the use of electronic databases, telephone network technologies, special directory markings, industry-based or company-specific 'do not call' systems, and any other alternatives, individually or in combination) for their effectiveness in protecting such privacy rights, and in terms of their cost and other advantages and disadvantages." Brinks Home admits that 47 U.S.C. § 227(c)(1)(E) states in part: "The proceeding shall - … (E) develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish the purposes of this section." To the extent any further response is required, Brinks Home states that 47 U.S.C. § 227 (and any corresponding legislative history and judicial interpretation) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute in whole.

13. Brinks Home admits that on June 26, 2003, the Federal Communications Commission (FCC) adopted the *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, which in part established with the Federal Trade Commission (FTC) a national do-not-call registry for consumers who wish to avoid unwanted telemarketing

calls. CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003). To the extent any further response is required, Brinks Home states that the *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* (and any corresponding legislative history and judicial interpretation) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of those rules and regulations in whole.

14. Brinks Home admits that 47 C.F.R. § 64.1200(c)(2) states in part: "No person or entity shall initiate any telephone solicitation to: … (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. …." To the extent any further response is required, Brinks Home states that 47 C.F.R. § 64.1200 (and any corresponding legislative history and judicial interpretation) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that regulation in whole.

15. Brinks Home admits that 47 C.F.R. § 64.1200(c)(2) states in part: "No person or entity shall initiate any telephone solicitation to: … (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. …." To the extent any further response is required, Brinks Home states that 47 C.F.R. § 64.1200 (and any corresponding legislative history and

judicial interpretation) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that regulation in whole.

16. Brinks Home admits that 47 U.S.C. § 227(b)(1)(A)(iii) states in part: "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States- (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice- … (iii) to any telephone number assigned to a paging service, cellular telephone services, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States; …." To the extent any further response is required, Brinks Home states that 47 U.S.C. § 227 (and any corresponding legislative history and judicial interpretation) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute in whole.

17. Brinks Home admits that 47 U.S.C. § 227(b)(3) states in part: "A person or entity may if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State- (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for

each such violation, whichever is greater, or (C) both such action." To the extent any further response is required, Brinks Home states that 47 U.S.C. § 227 (and any corresponding legislative history and judicial interpretation) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute in whole.

18. Brinks Home admits that on July 3, 2003, the Federal Communications Commission (FCC) released a Report and Order regarding the Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, which states in part: "Congress found that automated or prerecorded telephone calls were a greater nuisance and invasion of privacy than live solicitation calls." CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003) (citing TCPA, Section 2(10), *reprinted in* 7 FCC Rcd. 2736, 2744 (1992)). To the extent any further response is required, Brinks Home states that the Report and Order (and any corresponding legislative history and judicial interpretation) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of the statutes, rules, and regulations, in whole, referenced therein.

19. Brinks Home admits that on February 15, 2012, the Federal Communications Commission (FCC) released a Report and Order regarding the Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, which states in part: "Consistent with the FTC's TSR, we conclude that a consumer's written

consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received 'clear and conspicuous disclosure' of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained 'without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.' " CG Docket No. 02-278, Report and Order, 27 FCC Rcd. 1830, 1844 (2012). To the extent any further response is required, Brinks Home states that the Report and Order (and any corresponding legislative history and judicial interpretation) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of the statutes, rules, and regulations, in whole, referenced therein.

## FACTUAL ALLEGATIONS

20. The allegations in paragraph 20 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Brinks Home lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Brinks Home lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Brinks Home lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Brinks Home lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Brinks Home lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Brinks Home denies the allegations in paragraph 25 of the Complaint.

26. Brinks Home denies the allegations in paragraph 26 of the Complaint.

27. Brinks Home lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Brinks Home lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Brinks Home admits a statement, dated March 31, 2025, was issued to customer Jeffrey Almonte showing a "Credit Balance – DO NOT PAY" in the amount of $1,500.00. Brinks Home denies the remaining allegations in paragraph 29 of the Complaint.

30. Brinks Home denies the allegations in paragraph 30 of the Complaint.

31. Brinks Home lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Brinks Home lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 32 of the Complaint.

33. Brinks Home lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34. Brinks Home lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35. Brinks Home denies the allegations in paragraph 35 of the Complaint.

36. Brinks Home denies the allegations in paragraph 36 of the Complaint.

37. Brinks Home denies the allegations in paragraph 37 of the Complaint.

38. Brinks Home denies the allegations in paragraph 38 of the Complaint.

39. Brinks Home denies the allegations in paragraph 39 of the Complaint.

40. Brinks Home denies the allegations in paragraph 40 of the Complaint.

41. Brinks Home denies the allegations in paragraph 41 of the Complaint.

42. Brinks Home denies the allegations in paragraph 42 of the Complaint.

## CLASS ACTION STATEMENT

43. For its answer to paragraph 43 of the Complaint, Brinks Home repeats, re-alleges, and incorporates by reference each of its above responses to the preceding paragraphs as if set forth fully herein.

44. The allegations in paragraph 44 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Brinks Home states the Federal Rules of Civil Procedure speak for themselves and denies any

characterization inconsistent with or that will not uphold a reasonable construction of the rules in whole. Further, to the extent necessary, Brinks Home contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis.

45. Brinks Home contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Brinks Home denies any remaining allegations in paragraph 45 of the Complaint.

46. Brinks Home contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Brinks Home denies any remaining allegations in paragraph 46 of the Complaint.

47. Brinks Home contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Brinks Home denies any remaining allegations in paragraph 47 of the Complaint.

48. Brinks Home contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Brinks Home denies any remaining allegations in paragraph 48 of the Complaint.

49. Brinks Home contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Brinks Home denies any remaining allegations in paragraph 49 of the Complaint.

50. Brinks Home contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Brinks Home denies any remaining allegations in paragraph 50 of the Complaint.

51. Brinks Home contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Brinks Home denies any remaining allegations in paragraph 51 of the Complaint.

52. Brinks Home contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Brinks Home denies any remaining allegations in paragraph 52 of the Complaint.

53. Brinks Home contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Brinks Home denies any remaining allegations in paragraph 53 of the Complaint.

54. Brinks Home contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Brinks Home lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 of the Complaint.

55. Brinks Home contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Brinks Home denies any remaining allegations in paragraph 55 of the Complaint.

56. Brinks Home contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Brinks Home denies any remaining allegations in paragraph 56 of the Complaint.

57. Brinks Home contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Brinks Home denies any remaining allegations in paragraph 57 of the Complaint.

58. Brinks Home contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis. Brinks Home lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 of the Complaint.

**FIRST CAUSE OF ACTION**

**Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

59. For its answer to paragraph 59 of the Complaint, Brinks Home repeats, re-alleges, and incorporates by reference each of its above responses to the preceding paragraphs as if set forth fully herein.

60. Brinks Home denies the allegations in paragraph 60 of the Complaint.

61. Brinks Home denies the allegations in paragraph 61 of the Complaint.

62. Brinks Home denies the allegations in paragraph 62 of the Complaint.

63. Brinks Home denies the allegations in paragraph 63 of the Complaint.

**SECOND CAUSE OF ACTION**

**Statutory Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227(b) on behalf of Plaintiff and the Robocall Class)**

64. For its answer to paragraph 64 of the Complaint, Brinks Home repeats, re-alleges, and incorporates by reference each of its above responses to the preceding paragraphs as if set forth fully herein.

65. Brinks Home denies the allegations in paragraph 65 of the Complaint.

66. Brinks Home denies the allegations in paragraph 66 of the Complaint.

67. Brinks Home denies the allegations in paragraph 67 of the Complaint.

68. Brinks Home denies the allegations in paragraph 68 of the Complaint.

## PRAYER FOR RELIEF

To the extent that an answer is required to the Prayer for Relief in the Complaint, Brinks Home denies the allegations contained therein and avers that Almonte or any putative class member are not entitled to any remedies sought in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden that it would not otherwise bear, Brinks Home asserts separately the following affirmative defenses to Almonte's claims under Rule 8(c) of the Federal Rules of Civil Procedure. Each affirmative defense is asserted as to all claims against Brinks Home, unless otherwise noted. Brinks Home reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this action.

1. Brinks Home asserts that Almonte failed to state a claim against Brinks Home upon which relief can be granted with respect to the claims, in whole or in part, in the Complaint.

2. Brinks Home asserts that Almonte's claims are barred, in whole or in part, due to his opt-in of, ratification of, or consent to, the complained-of conduct of Brinks Home.

3. Brinks Home asserts that Almonte's claims are barred, in whole or in part,

because any alleged injuries and damages either were not legally or proximately caused, in whole or in part, by the acts, omissions, or other conduct of Brinks Home, or were caused, if at all, solely and proximately by Almonte's conduct or by the conduct of third parties including, without limitation, the prior, intervening, or superseding conduct of Almonte or third parties.

4. Brinks Home asserts that Almonte's alleged injuries and damages, if any, were the result of conditions not caused, in whole or in part, by any wrongful act or omission by or on behalf of Brinks Home.

5. Brinks Home asserts that Almonte's alleged injuries and damages, if any, are barred, in whole or in part, because Almonte failed to exercise reasonable care to mitigate any such injuries and damages that he may have suffered or has failed to exercise due diligence in an effort to mitigate any such injuries or damages. Almonte's failure to exercise reasonable care to mitigate damages was the complete or partial cause of any damages Almonte may have suffered.

6. Brinks Home asserts that Almonte's claims are barred, in whole or in part, because any recovery by Almonte would constitute unjust enrichment.

7. Brinks Home asserts that Almonte's claims are barred, in whole or in part, by the doctrine of waiver.

8. Brinks Home asserts that Almonte's class action claims are barred, in whole, because any class alleged in the Complaint is uncertifiable as a matter of law and there

are no putative class members whose claims are susceptible of resolution on a class wide basis.

9. Brinks Home reserves the right under Rule 15(a) of the Federal Rules of Civil Procedure to timely amend its answer to allege more affirmative and other defenses as additional information is obtained through discovery.

**PRAYER**

Brinks Home respectfully requests that Almonte's claims against Brinks Home be dismissed with prejudice, that Almonte take nothing by his claims against Brinks Home, that Brinks Home recover all attorney fees, related nontaxable expenses, and costs provided for under Fed. R. Civ. P. 54(d), and that a judgment be entered in favor of Brinks Home, as well as any other relief to which Brinks Home may be entitled.

Dated: September 11, 2025.

Respectfully submitted,

*/s/ Amy D. White*
G. Calvin Sharpe, OBA #11702
Amy D. White, OBA #19255
**PHILLIPS MURRAH P.C.**
424 NW 10th Street, Suite 300
Oklahoma City, Oklahoma 73103
Telephone: 405-235-4100
Facsimile: 405-235-4133
gcsharpe@phillipsmurrah.com
adwhite@phillipsmurrah.com

*-and-*

David A. Walton, Texas Bar No. 24042120
(*Pro Hac Vice* Forthcoming)

dwalton@bellnunnally.com
**BELL NUNNALLY & MARTIN LLP**
2323 Ross Avenue, Suite 1900
Dallas, TX 75201
Tel. (214) 740-1400
Fax (214) 740-1499

***Counsel for Defendant***
***BH Security LLC d/b/a Brinks Home***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2025, I electronically transmitted the foregoing *Defendant's Answer to Plaintiff's Class Action Complaint* to the Clerk of the Court using the ECF System for filing and a transmittal of a Notice of Electronic Filing to the following ECF registrants:

Anthony Paronich
anthony@paronichlaw.com
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043

Matthew Alison, OBA 32723
matthew@iaelaw.com
Indian and Environmental Law Group, PLLC
233 S. Detroit, STE 200
Tulsa, OK 74120

*Counsel for Plaintiff Jeffrey Marrero Almonte*

*/s/ Amy D. White*