UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

JEFFREY MARRERO ALMONTE,

                Plaintiff,

vs.

BH SECURITY, LLC D/B/A BRINKS HOME,

                Defendant.

Case No.: 25-cv-00294-MTS

**JOINT STATUS REPORT**

**Jury Demanded**: Yes ☒   No ☐

**I.   Summary of Claims**:

This is a putative Telephone Consumer Protection Act (codified at 47 U.S.C. § 227) (TCPA) class action alleging (i) multiple telemarketing calls to numbers listed on the National Do-Not-Call Registry and (ii) calls using an artificial or prerecorded voice without prior express consent. Plaintiff seeks statutory damages, injunctive relief, and classwide remedies.

    A.   Claims to be Dismissed:  None at this time.

**II.   Summary of Defenses**:

Defendant denies any violation of the TCPA. Defendant also contends that any class alleged in the Complaint is uncertifiable as a matter of law and that there are no putative class members whose claims are susceptible of resolution on a class wide basis.

    A.   Defenses to be Abandoned:  None at this time.

**III.   Motions Pending** (Include Docket Number, Description and Date at Issue)**:**

There are no pending motions at this time.

**IV.   Stipulations:**

    A.   Jurisdiction Admitted:   Yes ☒   No ☐   (If no, explain.)

    B.   Venue Appropriate:   Yes ☒   No ☐   (If no, explain.)

    C.   Facts:

        (1)   Plaintiff is an individual residing in Skiatook, Oklahoma.

        (2)   Monitronics International, Inc., converted into a Delaware limited liability company in June of 2023, becoming Monitronics International, LLC, and subsequently changed its name to BH Security, LLC, in October of 2023. Soon

    thereafter, BH Security, LLC, registered the fictitious name "Brinks Home Security" and conducts business under the name "BH Security, LLC dba Brinks Home."

  (3) Plaintiff received the calls at issue in this District.

 D. Law:

  (1) Claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

**V. Proposed Deadlines:**

 A. Parties to be Added by: **December 12, 2025**.

 B. Proposed Discovery Cutoff Date: **April 24, 2026** (discovery will include matters relevant to any party's claim or defense under Fed. R. Civ. P. 26, as well as matters relevant to class certification under Fed. R. Civ. P. 23).

 C. Fact Witness Lists to be Exchanged by: **July 17, 2026**.

 D. Proposed Date for Expert Reports by Plaintiff and Defendant: Plaintiff Expert Reports by **May 15, 2026**, and Defendant Expert Reports by **June 12, 2026**.

**VI. Fed. R. Civ. P. 26(f) Discovery Plan**

 A. Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?

  Yes ☐ (If yes, explain.)
  No ☒

 B. When were or will initial disclosures under Rule 26(a)(1) be made? **October 3, 2025**.

  Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan. All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a magistrate judge for resolution. Failure of any party to disclose information or failure of any party to bring disclosure issues to the Court's attention in a timely manner may result in sanctions, including prohibiting the use of that information at trial pursuant to Rule 37(c)(1).

 C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?

  Yes ☐ (If yes, explain.)
  No ☒

D.  Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?

Yes ☐ (If yes, explain.)
No ☒

E.  Proposed Number of Fact and Expert Depositions:

1.  To be allowed for Plaintiff?  Plaintiff anticipates at least seven depositions.

2.  To be allowed for Defendant?  Defendant anticipates at least seven depositions.

F.  Is there a need for any special discovery management order(s) by the Court?

Yes ☐ (If yes, explain.)
No ☒

G.  The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

VII.  **Anticipated Dispositive Motions?**

Yes ☒ (It is anticipated that Defendant will file a motion for summary judgment and that Plaintiff will file a motion for class certification, after appropriate discovery is complete.)
No ☐

VIII.  **Do all parties consent to trial before the assigned magistrate judge?**

Yes ☒
No ☐

If you mark "yes", you will be deemed to have knowingly and voluntarily consented to the jurisdiction of the assigned United States Magistrate Judge without the necessity for the filing or submission of any other documentation. The United States Magistrate Judge will exercise complete jurisdiction over this case through and including trial and the entry of a final judgment in accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a).

If you mark "no" the case will immediately be reassigned to a United States District Judge.

IX.  **Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**

Yes ☒
No ☐

If yes, please email a completed, proposed Consent to Magistrate Disposition Motion (AO 085A) to the Clerk via the designated mailbox at [CM-ECFIntake_OKND@oknd.uscourts.gov](mailto:CM-ECFIntake_OKND@oknd.uscourts.gov). Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**X.    Settlement Plan** (Check one):

☐ Settlement Conference Requested After:
    Describe Settlement Judge Expertise Required, If Any:

☒ Private Mediation Scheduled On: The parties will work together to schedule a private mediation with an agreed-upon mediator for a date after discovery is substantially complete.

☐ Other ADR (Explain):

ADR Appropriate:

Yes ☒
No ☐

Copy of the Court's ADR Booklet Provided to Clients as Required?

    Plaintiffs:    Yes ☒    No ☐
    Defendants:    Yes ☒    No ☐

**XI.    Does this case warrant special case management?**

Yes ☐ (If yes, explain.)
No ☒

**XII.    Do the parties request that the Court hold a scheduling conference?**

Yes ☐
No ☒

If a conference is not requested or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

**XIII.    Estimated Trial Time:**

Based on information reasonably available, the parties estimate a trial of 4-5 days.

Dated: October 1, 2025.

Respectfully submitted,

 /s/ *Anthony I. Paronich*  
Anthony I. Paronich (*Pro Hac Vice*)  
Paronich Law, P.C.  
350 Lincoln Street, Suite 2400  
Hingham, MA 02043  
Tel: (508) 221-1510  
anthony@paronichlaw.com  

Matthew D. Alison (OBA 32723)  
Indian and Environmental Law Group, PLLC  
233 S. Detroit, Suite 200  
Tulsa, OK 74120  
Tel: (918) 347-6169  
matthew@iaelaw.com  

***Attorneys for Plaintiff***  
***Jeffrey Marrero Almonte***

 /s/ *David A. Walton*  
David A. Walton (*Pro Hac Vice*)  
Bell Nunnally & Martin LLP  
2323 Ross Avenue, Suite 1900  
Dallas, TX 75201  
Tel. (214) 740-1400  
dwalton@bellnunnally.com  

G. Calvin Sharpe (OBA 11702)  
Amy D. White (OBA 19255)  
Phillips Murrah P.C.  
424 NW 10th Street, Suite 300  
Oklahoma City, OK 73103  
Tel. (405) 235-4100  
gcsharpe@phillipsmurrah.com  
adwhite@phillipsmurrah.com  

***Attorneys for Defendant***  
***BH Security LLC d/b/a Brinks Home***